■ DENNIS G. KEEFE, Plaintiff, v. BALLING CONSTRUCTION, INC., et al, Defendants. BALLING CONSTRUCTION, INC., Third-Party Plaintiff-Appellant, v. CONTRACTORS ORNAMENTAL STEEL CO., INC., Third-Party Defendant-Respondent. — Order and judgment unanimously reversed, with costs and motion denied. Memorandum: For injuries sustained at a construction site by an employee of a subcontractor an action, grounded in negligence, was commenced against the general contractor and others. The general contractor, claiming the right of indemnity from that employer, then commenced a third-party action against plaintiff's employer. One of the allegations of negligence in the primary complaint charges the defendants "or some of them" with violating section 200 of the Labor Law by failing to provide plaintiff with a safe place to work. In the original complaint a violation of section 240 of the Labor Law for failing to provide proper bracing and scaffolding is also alleged. ¶ We must conclude that even if the complaint charged only active negligence as found by Special Term, indemnification would still be possible. This latter position is predicated upon the recent declaration by the Court of Appeals in *Dole* v. *Dow Chem. Co.*, (30 N Y 2d 143). In that case the court concluded that (pp. 148–149) "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party". Effectively then, the "active-passive" dichotomy as a practical tool to determine liability between negligent wrongdoers, has been destroyed and, regardless of the description applied to the negligent acts or the factual disparity between the acts of the respective wrongdoers, the third-party complaint must stand. ¶ As pointed out in *Dole*, the method of determining the question of culpability and the degree of responsibility, if any, is a matter that lies within the sound discretion of the trial court. (Appeal

from order and judgment of Erie Special Term, dismissing third-party complaint in part.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.